UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMMETT WESSON,<br><br>           Petitioner,<br><br>  vs.<br><br>TERESA HUNT,<br><br>           Respondent. | NO.   CV-05-5057-CI<br><br>REPORT AND RECOMMENDATION TO DISMISS PETITION WITHOUT PREJUDICE |

    Petitioner, a federal prisoner at FCI Safford, Arizona, brings this habeas action pursuant to 28 U.S.C. § 2241.  He challenges his conviction and sentence for distribution of a controlled substance under 21 U.S.C. § 841(a)(1), *see* cause number CR-01-6027-RHW. Petitioner asserts the Controlled Substances Act is unconstitutional as applied to the States, and thus divested the U.S. District Court of subject matter jurisdiction.  He also argues his sentence is "void, ab initio" based on *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker*, --- U.S. ----, ----, 125 S.Ct. 738, 748, 160 L.Ed.2d 621 (2005).

    Ordinarily, 28 U.S.C. § 2255 provides the exclusive mechanism by which a federal prisoner may contest the legality of a sentence. *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000).  Here, Plaintiff has failed to demonstrate his remedy under § 2255 is

REPORT AND RECOMMENDATION TO DISMISS PETITION WITHOUT PREJUDICE -- 1

"inadequate or ineffective to test the legality of his detention." *Id.*, at 864-65. The burden is on the petitioner to do so. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner asserts a motion under § 2255 would have been wholly inadequate and ineffective because certain cases were "not available at that time." Mr. Wesson's argument is flawed. The period of limitations for filing a motion under 28 U.S.C. § 2255 may be delayed if a right is "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Furthermore, the language of 28 U.S.C. § 2255 makes explicit provisions to allow second or successive motions where there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

The Ninth Circuit has determined, "§ 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." *Lorensten v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)(citation omitted). In addition, a "remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits." *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988)(citations omitted). Here, Mr. Wesson has failed to show a § 2255 motion would be an inadequate or ineffective remedy.

Accordingly, **IT IS RECOMMENDED** the petition under 28 U.S.C. § 2241 be **DISMISSED without prejudice** for lack of subject matter jurisdiction. *See* Rules 1(b) and 4 of the Rules Governing Section

REPORT AND RECOMMENDATION TO DISMISS PETITION WITHOUT PREJUDICE -- 2

2254 Cases in the United States District Courts.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file with the District Court Executive all written objections, specifically identifying the portions to which objection is being made, and the basis therefor. Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The district judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1)(B) and ©), Fed. R. Civ. P. 73, and LMR 4, Local Rules for the Eastern District of Washington. A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this Report and Recommendation and forward a copy to Petitioner.

DATED August 3, 2005.

                                          S/ CYNTHIA IMBROGNO
                                UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISMISS PETITION WITHOUT PREJUDICE -- 3