UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMMETT WESSON,<br><br>        Petitioner,<br><br>  vs.<br><br>TERESA HUNT,<br><br>        Respondent. | NO.  CV-05-5057-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DIRECTING PETITIONER TO SHOW CAUSE |

BEFORE THE COURT are Petitioner's "Objections to Magistrate Judge's Report and Recommendation and/or in the Alternative Motion to Convert the Instant Action from 28 U.S.C. § 2241 to Action Under 28 U.S.C. § 2255 Under Protest" (Ct. Rec. 5).  Petitioner, a federal prisoner at FCI Safford, Arizona, is proceeding *pro se*; Respondent has not been served.

After review of the Report and Recommendation and consideration of Petitioner's Objections, the court finds Petitioner has failed to demonstrate 28 U.S.C. § 2255 is an inadequate or ineffective means for presenting his claim.  Indeed, Petitioner indicates he has not filed a previous motion under § 2255 and asserts he has until January 12, 2006, to file his claims.

Petitioner has requested, under protest, that the court convert his § 2241 petition into a motion under § 2255.  Because Petitioner is

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART
AND DIRECTING PETITIONER TO SHOW CAUSE -- 1

proceeding *pro se* and this would apparently be his first 28 U.S.C. § 2255 motion, the court must give Mr. Wesson certain warnings before "re-characterizing" his petition as a motion under § 2255. *See Castro v. United States*, 540 U.S. 375, 377 (2003).

Petitioner is warned a re-characterization would mean that any subsequent § 2255 motion would be subject to the restrictions on "second or successive" motions. *See* § 2255, ¶ 8. Therefore, if Mr. Wesson chooses to proceed with this action as one under § 2255, his motion must contain all the § 2255 claims he believes he has.

The court finds the magistrate judge's report of the law to Petitioner's facts to be accurate, despite Mr. Wesson's assertions to the contrary. Therefore, **IT IS ORDERED** the Report and Recommendation is **ADOPTED**. The court, however, will reserve ruling on the proposed dismissal to enable Mr. Wesson the opportunity to **SHOW CAUSE** why his present petition should proceed as his first § 2255 motion. Failure to do so within **THIRTY (30) DAYS** of the date of this Order will result in dismissal of the petition without prejudice as previously recommended. The court will address Petitioner's timeliness questions as decidable situations arise.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward a copy to Petitioner, and SET A CASE MANAGEMENT DEADLINE ACCORDINGLY.

**DATED** this   25th   day of August, 2005.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART
AND DIRECTING PETITIONER TO SHOW CAUSE -- 2